UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raekwon McLean, | ) | C/A No. 9:24-cv-01323-TMC-MHC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pro se Petitioner Raekwon McLean brings this action requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 (§ 2254). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Proper Form Order dated April 22, 2024, Petitioner was given an opportunity to provide the necessary information and paperwork (payment of the five-dollar filing fee or, if he is indigent, filing of a completed and signed Form AO-240[1]) to bring the case into proper form for evaluation and possible service of process. Petitioner was warned that failure to provide the necessary item within the timetable set forth in the Proper Form Order would subject the case to dismissal.[2] On May 21, 2024, Petitioner's motion to extend time (ECF No. 8) was granted and the time for him

---

[1] Petitioner submitted an incomplete Form AO-240 that does not contain sufficient information to review his request to proceed *in forma pauperis*. In particular, he failed to answer questions four through eight on the second page of the form.

[2] The Proper Form Order also contained a Notice to Show Cause. Petitioner was directed to provide a factual explanation to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(e). *See* ECF No. 5 at 2-4. On August 9, 2024, Petitioner filed what appears to be his response to the Notice to Show Cause. *See* ECF No. 17.

1

to bring his case into proper form and to file a response to the Show Cause Order was extended until June 21, 2024. ECF No. 9. On July 3, 2024, Petitioner's second motion to extend time (ECF No. 11) was granted and the time for Petitioner to bring his case into proper form and to file any response to the show Cause Order was extended until August 5, 2024. ECF No. 12. The time to bring this case into proper form has now lapsed, and Petitioner has failed to provide the item necessary to bring his case into proper form..

Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b), Fed. R. Civ. P. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Petitioner at his last known address. If Petitioner satisfies the requirements for proceeding with this case as is set forth in the Proper Form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** However, if Petitioner fails to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Petitioner failing to obey his order was proper grounds for the district court to dismiss suit when Petitioner did not comply despite warning).[3]

---

[3]After a litigant has received one explicit warning as to the consequences of failing to timely

2

**The parties are also referred to the Notice Page attached hereto.**

　　　　　　　　　　　　　　　　　　Molly H. Cherry
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

August 26, 2024
Charleston, South Carolina

---

comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the petition based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).