IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Raekwon McLean, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:24-cv-01323-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Raekwon McLean ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Thereafter, the magistrate judge issued a proper form order giving Petitioner twenty-one (21) days to bring his case into proper form. (ECF No. 5). She also notified Petitioner that she may recommend the action be dismissed based on the running of the statute of limitations and instructed him to file a factual explanation to show cause why his petition should not be dismissed on that basis. *Id*. at 2-4. Petitioner subsequently filed two motions requesting an extension of time to respond to the proper form order, (ECF Nos. 8, 11), and the magistrate judge granted the motions, (ECF Nos. 9, 12). Petitioner also filed what has been docketed as a "motion for hearing" (ECF No. 16), which the magistrate judge construed as a response to the court's notice to show cause order. (ECF No. 18). The magistrate judge denied the motion without prejudice, finding it was premature for the reasons set forth in her order. *Id*. The magistrate judge also issued a Report and Recommendation, recommending the petition be dismissed without prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure. (ECF No. 19). The magistrate

judge notified Petitioner of his right to file objections, *id*. at 4, and instructed the Clerk's Office that, if Petitioner satisfies the requirements for proceeding with the case as set forth in the proper form order within the time set forth for filing objections, the Clerk's Office shall vacate the Report and return the case to her for further handling, *id*. at 2. The Report was mailed to Petitioner at his last known address. (ECF No. 20). The Report was not returned to the court as undelivered. Therefore, Petitioner is presumed to have received it. However, Petitioner has failed to file any objections to the Report or to comply with the requirements in the proper form order, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and finding no clear error, the court **ADOPTS** the Report (ECF No. 19), and incorporates it herein. Thus, the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice**. Because the petition as a whole is dismissed, Petitioner's motion at ECF No. 2 is hereby **DISMISSED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, the Petitioner is advised that he may seek a certificate of appealability from the United

States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
September 13, 2024